UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:15-cr-07-JMS-CMM-14 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| RONALD L. WOODS, II | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:15-cr-00007-JMS-CMM |
| RONALD L. WOODS, II, | ) ) -14 |
| Defendant. | ) ) |

## ORDER

Defendant Ronald L. Woods, II seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 714. For the reasons explained below, Mr. Woods's motion is **denied**.

## I. Background

In 2016, Mr. Woods pled guilty to one count of possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1). Dkt. 451, 465. The Court sentenced him to 168 months of imprisonment and 8 years of supervised release.

Mr. Woods filed his motion for compassionate release pro se. Dkt. 714. In his submission, Mr. Woods argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 again due to his underlying medical conditions (morbid obesity, hypertension, hypercholesteremia, type 2 diabetes, heart attack at 22 years old, coronary artery disease, multiple fractures to hand and foot from trauma, "long-hauler" COVID-19 symptoms). Dkt. 714 at 11. Mr. Woods also argues that FCI Loretto (his facility at the time of filing) has mishandled the pandemic, resulting in a higher risk of COVID-19 for inmates and lockdowns that have caused limited visitation, recreation and other activities. Mr. Woods also argues that he would like to be at home in order to help his parents care for his autistic 16-year-old daughter.

2

Dkt. 714 at 13. Finally, Mr. Woods argues that he has a substantially rehabilitated himself while in prison and has a well-defined release plan and familial support. *Id.* at 21. The Court concludes that it can resolve the motion without a response from the United States.

## II. Discussion

### A. Appointment of Counsel

In an accompanying motion, Defendant has requested the appointment of counsel to represent him in this matter. Dkt. 715. Mr. Woods states that he needs counsel because he is unfamiliar with the law and COVID-19 lockdowns have resulted in limited ability to communicate with the Court.

There is no statutory authority requiring the Court to appoint defense counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Accordingly, Defendant's request for the appointment of the federal public defender's office is denied.

The Court also finds that Defendant is not entitled to the appointment of pro bono counsel. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (cleaned up).

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Defendant has not indicated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own

before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. His request for appointment of counsel must therefore be denied.

**B. Compassionate Release**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Woods's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). While it is unclear whether he is vaccinated or not, Mr. Woods has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, Mr. Woods "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he

has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). If a prisoner "would remain at comparable risk outside prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023); *see also United States v. Santana-Cabrera*, No. 22-2056, 2023 WL 2674363, at *2 (7th Cir. Mar. 29, 2023). The BOP also reports that, as of April 5, 2023, no inmates or staff members at Mr. Woods's current facility (FCI Morgantown) have active cases of COVID-19. https://www.bop.gov/coronavirus/ (last visited Apr. 5, 2023). For these reasons, the Court declines to exercise its discretion to find that Mr. Woods has carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533; *Vaughn*, 62 F.4th at 1072.

Mr. Woods next argues that the BOP has mishandled the pandemic, and due to the mishandling, the past two years of incarceration have been much more difficult than contemplated by the Court at sentencing, thus warranting a sentence reduction. Allegations regarding the handling of the pandemic might form the basis for relief in a civil suit filed in Mr. Woods's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up); *United States v. Santana-Cabrera*, No. 22-2056, 2023 WL 2674363, at *3 (7th Cir. Mar. 29, 2023) ("[T]he Constitution does not grant a right to release from an otherwise lawful sentence, and to the extent relief under § 3582(c)

is unavailable, a federal prisoner 'may still directly challenge any inadequate medical care he receives, or any medically unsafe conditions of confinement' through ordinary channels") (quoting *United States v. Bridgewater*, 995 F.3d 591, 599 (7th Cir. 2021)). Every inmate at Mr. Woods's facility, and indeed, many inmates across the country, have dealt with similar issues due to the pandemic over the past two years. Mr. Woods has simply not shown that his situation is extraordinary as compared to other inmates, whether this factor is considered alone or in combination with any other factor. *United States v. Khelifi*, No. 21-3144, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding no extraordinary and compelling circumstances where prisoner did not provide individualized evidence for his argument that his prison mishandled the risks of the pandemic).

Mr. Woods also argues that he would like to be released in order to help his parents, who are in their 70's and have health issues, care for his 16-year-old daughter who suffers from autism and mental health issues. While Mr. Woods states that his parents are "having difficulty" managing his daughter's care, there is no evidence in the record that they are unable to continue do so. Moreover, even if there was such evidence, there is no evidence that his parents are his daughter's only available caregivers. As such, the Court declines to exercise its discretion to find that Mr. Woods has met his burden to establish that care for his daughter is an extraordinary and compelling reason to grant relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor.

That leaves Mr. Woods with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides Mr. Woods has made in prison are admirable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme… rehabilitation cannot serve as a stand-alone reason for compassionate release") (cleaned up); *see also* 28 U.S.C. § 994(t). The Court does not find that Mr. Woods's rehabilitation, whether

6

considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

In sum, the Court does not find that any of the arguments made by Mr. Woods establish extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason. Given this determination, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Woods's motion appointment of counsel, dkt. [715], and his motion for compassionate release, dkt. [714], are **denied**.

**IT IS SO ORDERED.**

Date: 4/6/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Ronald Lee Woods
Register Number: 12695-028
FCI Morgantown
Federal Correctional Institution
P.O. Box 1000
Morgantown, WV  26507